**BOWLES, Adm'r, Office of Price Administration, v. SANDEN & FERGUSON CO.**

**No. 10901.**

Circuit Court of Appeals, Ninth Circuit.

May 7, 1945.

Thomas I. Emerson, Deputy Adm. for Enforcement, OPA, Fleming James, Jr., Director, Litigation Division, David London, Chief, Appellate Branch, and Nathan Siegel, all of Washington, D. C., Max D. Melville, of Denver, Colo., and Clarence E. Wohl, of Helena, Mont., for appellant.

Paul W. Smith and David R. Smith, both of Helena, Mont., for appellee.

Before HEALY and BONE, Circuit Judges, McCOLLOCH, District Judge.

McCOLLOCH, District Judge.

This case was tried in January, 1944. At that time the Office of Price Administration was contending for a construction of the Emergency Price Control Act that Federal courts on the equity side must issue injunctions when violations of the Act were shown, regardless of fault. This construction of the Act was rejected in Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 (decided February 28, 1944). The Price Administrator was also pressing for literal application of Sec. 204(d) of the Act, 50 U.S.C.A.Appendix § 924(d) providing that the validity of an order or regulation by the Administrator in the pricing field might not be considered in any court other than the Emergency Court of Appeals and on appeal to the Supreme Court. This construction of the Act has been upheld. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892.

In this early setting Judge Baldwin, since deceased, declined to either suspend appellee's license or to put appellee under an injunction for compliance, despite the fact

that appellee, a department store having twenty employees, did not (1) prepare a base period statement, (2) prepare a cost-of-living commodity statement, (3) post the maximum price of each cost-of-living commodity, all as required by General Maximum Price Regulation (7 F.R. 3153, 3330).

It was Judge Baldwin's view that the difficulties of compliance were too great for a store of this size, and, as he put it, that the Administrator would have to "temper the rules to the situation in which the individual finds himself. In other words, they must cut their system in such a way that the man operating a single store, such as here, may operate within his income and with the help he can get."

The Judge found, along with other detailed findings:

"It is not shown that the Defendant, Sanden and Ferguson Company, a Montana corporation, ever at any time or at all engaged, or that it is about to engage, in any act or practice contrary to the provisions of the Emergency Price Control Act of 1942, or any rule or regulation issued thereunder, including said General Maximum Price Regulation (7 Fed.Reg. 3153), or any regulation supplemental thereto or amendatory thereof." (Finding of Fact No. 42)

Because it is contradictory to all of the evidence in the case, this finding must be set aside, as well as other findings which look toward challenging the validity of the regulations, such as Findings of Fact Nos. 22 and 23:

"To require that the Defendant mark sales slips of merchandise sold by it in its said store with lot numbers, grades, widths, and so forth, or the quality, grade, width, color, design, or kind for the purpose of comparing sales prices shown on sales slips and prices shown on its base period statement and cost of living commodity statement would be in operation and effect to use the powers granted in Section 2 of the Emergency Price Control Act of 1942, c. 26, 56 Stat. 24 (Section 902, Title 50 U.S. C.A. [Appendix]) to be used and made to operate to compel changes in its business practices, cost practices, and methods contrary to law. (See Section 2(h), Emergency Price Control Act of 1942, 56 Stat., p. 27; Sec. 902, Title 50, U.S.C.A. [Appendix].)" (Finding of Fact No. 22)

"If the Defendant were compelled by the Plaintiff to furnish in its base period statement and cost-of-living commodity statement all of the information required by the said General Maximum Price Regulation, the Defendant would have to change its business practices, cost practices, and methods by installing a permanent inventory system which would cost at least $2,000.00 and require the Defendant to employ two additional bookkeepers and compel the Defendant to close its said place of business because of the additional expense." (Finding of Fact No. 23)

We do not think the suspension of appellee's license is required, and since considerable time has elapsed between the decree and the argument here, it had seemed to me best to remand the case to the trial court, so that it might inquire into the present conduct of appellee, as well as its conduct since the trial, and make final disposition of the case as might be warranted. The Circuit Judges, however, feel that the proof shows a complete disregard of the regulations with no situation comparable to that of Hecht v. Bowles, and that the judgment should be reversed and the case remanded, with instructions to issue the injunction prayed for. This will be the order.